*775 OPINION.
GeeeN :
The petitioner’s argument with respect to the first assignment of error is substantially that in accordance with Eisner v. Macomber, 252 U. S. 189, no part of the usurious interest, fees or charges here in question is income within the Sixteenth Amendment for the reason that, according to the petitioner, he received nothing of exchangeable value “ for his separate use, benefit and disposal ” in that immediately upon receipt thereof he became liable under the *776 statutes of Texas and Minnesota to pay back to the borrower at least the amount of the interest received; that at best no income could be said to have been realized until after the expiration of the two-year period within which the borrower could sue and recover back the amount of interest paid; that even at the end of the two-year period the petitioner realized no income because the failure of the borrower to sue amounted to a forgiveness of indebtedness on his part and a gift by the borrower to the lender; that under the Revenue Act of 1918 gifts are exempt from taxation; and that if all of the aforegoing contentions should fail, then, since he reported on the cash basis, only the amount of interest, fees and charges actually received during the respective taxable years was taxable income.
All of the foregoing contentions, with the exception of the very last one, have already been considered by this Board in the Appeal of James P. McKenna, 1 B. T. A. 326, in which we held that wagers won by a race-track bookmaker were income within the Sixteenth Amendment and taxable under the Revenue Act of 1918 in the year in which received, although under the laws of the State of Kentucky a loser could, within a certain period, recover his losses from the bookmaker. What we said there is controlling here. See also the following decisions holding that gains from dealings in illicit liquor are taxable. Steinberg v. United States, 14 Fed. (2d) 564; 5 Am. Fed. Tax Rep. 6160; United States v. Sullivan, 274 U. S. 259.
On the last contention regarding the first assignment of error the petitioner has failed in his proof. The record contains no evidence as to the amount of interest, fees, or charges actually received during the years in question or the amounts of interest, fees or charges on renewal notes which were not paid during either of those years. Without proof we can not disturb the Commissioner’s determination.
In connection with the second assignment of error we believe that the Commissioner erred in not permitting the petitioner to deduct from the gross receipts of usurious interest, fees, and charges the full amounts of losses actually sustained on such loans during 1919 and 1920 since the gross receipts as found by the Commissioner were in excess of the losses for each of those years. Appeal of Mitchell M. Frey, Jr., 1 B. T. A. 338; Appeal of M. L. Heide, 2 B. T. A. 451.
The deficiencies should be redetermined by deducting from the gross receipts of interest, fees, and charges for 1919 and 1920 losses in the amounts of $1,292.54 and $2,710.48 respectively.

Judgment will be entered upon 15 days’ notice, under Bule 50.

Considered by AkttNdell and SteeNhageN.